# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| ROBIN ANN GRACIA JOYCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CV620-074 |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Robin Ann Gracia Joyce seeks judicial review of the Social Security Administration (SSA)'s denial of her applications for a period of disability and disability insurance benefits.

## I.    GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security, and has been substituted for Acting Commissioner Andrew M. Saul as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

> judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *see also Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[2] to perform her past relevant work. *Id.*

---

[2] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012).

§ 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

## II.  BACKGROUND

In 2018, plaintiff applied for a period of disability and disability insurance benefits. Tr. 19. She alleged disability beginning March 28, 2018. *Id.* Her claims were initially denied on February 14, 2019. *Id.* She requested a hearing and appeared before ALJ Gary Brockington. *See id.* The ALJ issued an unfavorable determination on December 12, 2019. *See* Tr. 16. The Appeals Council denied her request for review. Tr. 1-4.

Plaintiff was fifty-six years old when she alleges that she became disabled. Tr. 108. At the hearing she testified that she has Associate's degrees in business management and marketing management. Tr. 42-

---

"The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

3

43. She has past work experience as an executive assistant. *Id.* Her application lists a "knee problem," and MRSA as disabling conditions. Tr. 289. Her brief summarizes that plaintiff had multiple knee surgeries, including bilateral total knee replacements, between 2008 and 2011. Doc. 14 at 3-4; *see also* doc. 16 at 3-4. She continued to suffer from knee problems between 2016 and 2019. Doc. 14 at 4-9; *see also* doc. 16 at 4-7. Her brief mentions that one of her physicians expressed concern of "re-infection with MRSA" in 2016, but does not otherwise discuss it in detail. Doc. 14 at 4, 6 (referring to plaintiff's "previous MRSA infection"), 9 (referring to damage to plaintiff's leg caused by MRSA), 10 (referring to previous MRSA infection and concern that plaintiff is allergic to several medications available for MRSA), 13 (noting limited range of motion in plaintiff's right knee due to previous infection); *see also* doc. 16 at 4.

After a hearing, the ALJ found that Gracia Joyce was not disabled. Tr. 28. At step one, he found that plaintiff had not engaged in substantial gainful activity since she allegedly became disabled. Tr. 21. At step two, he found that plaintiff's osteoarthritis, bilateral knees, osteopenia, right knee disfunction, right fibular head fracture, and

chronic pain syndrome constituted severe impairments. Tr. 22. He found, however, that plaintiff did not have an impairment or combination of impairments that meets or medically equals a listing. Tr. 22. Based on the evidence of record, the ALJ found that Gracia Joyce retained the RFC for sedentary work, except that she could:

> never push/pull and operate foot controls with the right lower extremity; occasionally climb ramps or stairs; never climb ladders, ropes or scaffolds; occasionally balance and stoop; never kneel, crouch and crawl; occasional exposure to vibration; no exposure to unprotected heights; and occasional exposure to hazardous machinery or hazardous moving mechanical parts. [She] is limited to jobs that can be performed while using a hand-held device, a cane, required at all times when walking and the contralateral upper extremity could be used to lift and carry up to exertional limits.

Tr. 22. At step four he concluded that Gracia Joyce was capable of performing her past relevant work as an administrative assistant. Tr. 27. Based on the determination that Gracia Joyce was capable of performing past relevant work, the ALJ concluded she was not disabled. Tr. 27-28.

### III. ANALYSIS

Gracia Joyce argues that the ALJ erred in failing to properly consider the medical opinion of Robert Jones, M.D. in formulating her RFC. *See* doc. 14 at 11-18. She notes that the RFC as formulated by

the ALJ is inconsistent with several restrictions included in Dr. Jones' opinion." *Id.* at 12. The Commissioner responds that "the ALJ sufficiently considered and evaluated the medical source opinion from Dr. Jones." Doc. 16 at 11. Both parties recognize that the applicable regulations were amended in 2017. *See* doc. 14 at 12; doc. 16 at 11-14 (discussing amended regulations). Despite her concession, plaintiff does dispute the effect of the amended regulations on existing authority.[3] *See* doc. 18 at 2-3.

---

[3] The Court need not definitively resolve whether the disputed authority, a Social Security Ruling (SSR), is superseded by the amended regulations. SSRs are entitled to deference, but are not binding on the courts. *Fair v. Shalala*, 37 F.3d 1466, 1467 (11th Cir. 1994); *cf. Silveiera v. Apfel*, 204 F.3d 1257, 1260 (9th Cir. 2000) ("[T]his court defer[s] to Social Security Rulings . . . unless they are plainly erroneous or inconsistent with the Act or regulations."). Plaintiff's principal basis for invoking the SSR is to support her contention that "both the rulings and prevailing regulations require the ALJ to provide an explanation as to how he considered the opinion evidence." Doc. 18 at 3. As discussed below, there is ample authority applying the amended regulations that instruct that an ALJ must "explain" his or her evaluation of the evidence. Since the SSR's applicability after the amendment is, at best, ambiguous and the Court can rely on significant judicial authorities to evaluate the sufficiency of the ALJ's explanation, the Court need not resolve the issue.

In addition to the SSR, plaintiff also cites to the Eleventh Circuit's opinion in *Simon v. Commissioner, Social Security Administration*. *See* doc. 18 at 2. In the first place, plaintiff cites to a panel opinion that has been vacated. *See id.*; *see also Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1097 (11th Cir. 2021). Additionally, *Simon* is explicit in its application of the pre-amendment regulations concerning medical evidence. *See Simon*, 7 F.4th at 1104 n. 4 ("Because Simon filed his claim in March of 2015, we need not and do not consider how the new regulation bears upon our precedents requiring an ALJ to give substantial or considerable weight to a treating physician's opinions absent good cause to do otherwise."). Given the application of the amended regulations to this post-March 27, 2017 claim, the

An ALJ is entitled to formulate an RFC and resolve any ambiguity or inconsistency in the medical evidence, 20 C.F.R. §§ 416.920c, 946(c), based on the entire record, 20 C.F.R. §§ 404.1520a (evaluation of mental impairments), 416.945(a)(3) (the RFC is based on all the relevant evidence, including diagnoses, treatment, observations, and opinions of medical sources, as well as witness testimony). The RFC represents the most a claimant can do despite his limitations, SSR[4] 96-8p, and it is the ALJ's responsibility (and not any doctor's) to assess the RFC based on the record as a whole. *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("the task of determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctor's."); *see* 20 C.F.R. § 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c) (the ALJ has the responsibility for determining a claimant's RFC). And the ALJ can distill a claimant's RFC from an amalgamation

---

Court does not regard *Simon* as binding—or even persuasive—authority on the question at issue in this case.

[4] Social Security Rulings (SSR) "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1). As discussed above, SSRs are entitled to deference, but are not binding on the court. *See supra* at 6 n. 3.

7

of the record as a whole, without requiring a specific medical opinion to articulate a specific functional limitation. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question" because "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record").

As discussed above, the regulations applicable to the ALJ's consideration of medical evidence were amended in 2017. The Eleventh Circuit has recently summarized the effect of the 2017 amendments to the SSA's regulations. *See Matos v. Comm'r of Soc. Sec.*, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022).

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. Under the new regulations an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. [20 C.F.R. § 404.1520c(c)(1)-(5)].
> The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors. *Id.* § 404.1520c(b) 2. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to

support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be." *Id.* § 404.1520c(c)(1). And "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

*Id.* As the two most important factors, "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 15659832, at *3 (M.D. Fla. Apr. 6, 2021).

Under the amended regulations, "[t]he ALJ 'must provide sufficient detail concerning the degree to which he finds a medical source's opinion persuasive so that a reviewing court may understand the ALJ's analysis." *Lawrence v. Kijakazi*, 2022 WL 421139, at * 4 (S.D. Ga. Jan. 24, 2022) (quoting *Works v. Saul*, 2021 WL 690126, at *15 (N.D. Ala. Feb. 23, 2021)); *see also Martin v. Kijakazi*, 2022 WL 264889, at *4 (S.D. Ga. Jan. 7, 2022) ("[U]nder the [amended] regulations the ALJ 'must consider the opinion, assess its persuasiveness, and *explain* his decision, particularly with respect to supportability and consistency.'" (quoting *Brown v.*

9

*Comm'r of Soc. Sec.*, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (alterations omitted))), *adopted* 2022 WL 264549 (S.D. Ga. Jan. 27, 2022). The regulations explicitly provide that the ALJ "will explain how [he or she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." 20 C.F.R. § 416.920c(b)(2); *see also Cook*, 2021 WL 1565832, at * 2 ("[T]he ALJ must explain the consideration of those two factors [*i.e.* supportability and consistency]."). However, "[c]ourts recognize the new regulations erect a framework that is highly deferential to the Commissioner." *Anthony v. Kijakazi*, 2021 WL 4304725, at *4 (S.D. Ga. Sept. 3, 2021).

In his decision, the ALJ acknowledged Dr. Jones' opinion, and the limitations it proposed. Tr. 26. After stating he found the opinion "somewhat persuasive," the ALJ explained:

> While somewhat supported by an explanation, Dr. Jones' opinion is not fully consistent with the overall evidence or record, as described herein. Although his limitations may have been supported in the short term after claimant sustained a fibular head fracture, his treatment notes and those of Ms. Wood do not support the severity of his functional limitations over the longer term. Aside from her fracture, the significant objectively demonstrated abnormalities of claimant's right knee were diffuse osteopenia and occasional

10

> mild atrophy, and there were no significant abnormalities of her left lower extremity, back, or upper extremity.

*Id.* The parties deploy considerable time pointing to portions of the record that are, respectively, consistent with or inconsistent with Dr. Jones' opinion. *See* doc. 14 at 13-16; doc. 16 at 14-17. But, as they both correctly recognize, this Court is not empowered to reevaluate the evidence. *See* doc. 16 at 18-19; doc. 18 at 3. Their respective discourses on the record, however, belie any contention that there was not evidence in the record both consistent with and inconsistent with Dr. Jones' opinion.

The issue, as plaintiff's reply brief makes emphatically clear, is whether *the explanation* the ALJ provided is sufficient. *See* doc. 18 at 2 (asserting the ALJ "provided no specific evidence or explanation regarding supportability or how the record was opinion [sic] was inconsistent with the record as a whole."). While the Court agrees with plaintiff's identification of the issue, her argument that the ALJ's explanation is insufficient is not persuasive. A recent opinion from the United States District Court for the Middle District of Florida, applying the new regulations to evaluate the sufficiency of an ALJ's explanation is instructive. *See generally Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832

11

(M.D. Fla. Apr. 6, 2021). In that case, the court found that the ALJ's explanation was sufficient, despite omitting explicit reference to "supportability" and "consistency," and referring to other medical evidence only generally. *Id.* at *4 - *5. There, as here, "[t]he ALJ discussed the [medical evidence] in detail throughout the RFC . . . ." *Id.* at * 5. Here, the ALJ expressly noted that Dr. Jones' opinion was "somewhat supported by an explanation," and "not fully consistent with the overall evidence of record . . . ." Thus, the Court can discern that the ALJ considered the appropriate factors.

The ALJ's explanation, which incorporates "the overall evidence of record, *as described herein*," Tr. 26 (emphasis added), is sufficient for the Court to determine that his RFC determination, including his weighing of Dr. Jones' opinion, is supported by substantial evidence. As the Commissioner notes, the ALJ incorporated his evidence that "aside from the fracture, the objective abnormalities documented in Plaintiff's right knee were occasional edema, diffuse osteopenia, and mild atrophy; she had no abnormalities in her left lower extremity, back, or upper extremities." Doc. 16 at 15 (citing to portions of the record). The Court does not dismiss plaintiff's assertion that "[t]here are significant medical

findings regarding Plaintiff's knee and its limiting effects that show that Dr. Jones' opinion is both supported and consistent with the medical records." Doc. 14 at 13. But partial support and equivocal consistency are precisely what the ALJ found in his evaluation of Dr. Jones' opinion. The ALJ weighed the evidence and explained his conclusion concerning Dr. Jones' opinion. Regardless of plaintiff's disagreement, the Court may not reevaluate the basis of those conclusions.[5]

## IV. CONCLUSION

Because the ALJ's decision comported with the requirements of the amended regulations and is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**. This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any

---

[5] This Court has noted that one of the purposes of the 2017 amendments was to "discourage courts from reweighing the evidence in violation of the deferential substantial evidence standard of review." *Martin*, 2022 WL 264889 at *3.

request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 1st day of March, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA