IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| ROBIN ANN GARCIA JOYCE, | * | |
| Plaintiff, | * | |
| v. | * | CV 620-074 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | * | |
| Defendant. | * | |

**O R D E R**

After a careful de novo review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation of March 1, 2022 (Doc. 19), to which objections have been filed (Doc. 20). Nothing in the Plaintiff's objection warrants deviation from the Magistrate Judge's recommendation.

The Court also notes Plaintiff's counsel's motion to substitute party and notice of death (Doc. 21). Due to the deaths of Plaintiff and her late husband, Plaintiff's counsel seeks to substitute Ms. Teresa Joyce as Plaintiff in this action. (Id. at 1.) Defendant opposes the motion. (Doc. 22.)

Under Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." A motion to substitute "may be made by any party or by the decedent's successor or

representative." Fed. R. Civ. P. 25(a)(1). Under federal law, social security benefits may survive a claimant's death in certain circumstances. 42 U.S.C. § 404(d). In such a case, payment "shall be made" to the claimant's surviving spouse, children, or parents, subject to certain conditions such as being, "for the month in which the deceased individual died, entitled to monthly benefits on the basis of the same wages and self-employment income as was the deceased individual." 42 U.S.C. § 404(d)(1)-(3). If no person meets the requirements of the above-described sections, payment is made to the surviving spouse, children, or parents without condition. 42 U.S.C. § 404(d)(3)-(6). Finally, "if there is no person who meets [those requirements], or if each person who meets such requirements dies before the payment due him . . . is completed, [payment shall be made] to the legal representative of the estate of the deceased individual, if any." 42 U.S.C. § 404(d)(7).

Here, Plaintiff's counsel seeks to substitute Ms. Teresa Joyce – the mother of Plaintiff's late husband, whom he asserts "would have been entitled to a claim for any owed Disability Insurance Benefit payments" as a substitute Plaintiff in this action. (Doc. 21, at 1.) Plaintiff's counsel avers Ms. Joyce "is the mother of [Decedent's late husband] and surviving mother-in-law of Decedent, and therefore has a claim to any owed Disability Insurance Benefits." (Id. at 2.) However, as described above, payment shall only be made to the individual's surviving spouse,

2

children, or parents, and Plaintiff's counsel does not aver that Ms. Joyce falls into any of those three categories. Further, as Defendant points out, Plaintiff's counsel has not shown that Ms. Joyce is the legal representative of Plaintiff's estate. (Doc. 22, at 3.)

Accordingly, Plaintiff's motion to substitute (Doc. 21) is **DENIED WITHOUT PREJUDICE** to Ms. Joyce's right to renew her motion. Ms. Joyce may renew her motion – supported with sufficient proof of standing to pursue the Disability Insurance Benefit payments – within 90 days of March 16, 2022. See FED. R. CIV. P. 25(a) (requiring a motion for substitution within 90 days after service of a statement noting the death). The Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **AFFIRMS** the Acting Commissioner's final decision, and **DIRECTS** the Clerk to enter judgment in favor of the Acting Commissioner. This case shall remain open pending Ms. Joyce's renewal of her motion **ON OR BEFORE TUESDAY, JUNE 14, 2022 BY 5:00 P.M.**

**ORDER ENTERED** at Augusta, Georgia, this 29th day of March, 2022.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA